IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROGER JOSE MANZANO DA SILVA,

                *Petitioner*,

    v.

MARKWAYNE MULLIN, *et al*,

                *Respondents*.

Civil Action No. 3:26-cv-1116

Hon. William S. Stickman IV

## **ORDER OF COURT**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner, a citizen of Venezuela, has been in immigration detention since January 12, 2026, and his removal proceedings are ongoing. An immigration judge denied him bond on February 9, 2026, finding him to be a flight risk. (ECF No. 1-2, p. 8). Petitioner did not appeal that decision to the Board of Immigration Appeals. (ECF No. 1, p. 23). Notably, Petitioner is clear in his petition that he "does not challenge the immigration judge's discretionary decision whether to grant bond." (*Id*. at 25). Instead, he wants the Court to find his due process rights were violated because the immigration judge applied the incorrect burden/standard of proof and because there was no impartial tribunal. (*Id*.). Petitioner also contends that his detention was unlawful under the *Accardi* doctrine,[1] and he should be released. (*Id*. at 23-24).

First, while procedural violations may, in certain circumstances, rise to the level of a due process violation, the Court concludes that Petitioner has not shown that the alleged violations surrounding how he was taken into immigration detention rise to the level of a due process

---

[1] Under the *Accardi* doctrine, federal agencies are required to follow their own regulations and procedures to ensure a fair administrative process. *U.S. ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954).

violation and/or would independently entitle him to a grant of habeas relief in the form of release from detention. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation modified). 8 C.F.R. § 1236.1(d) safeguards this right for aliens who are detained pending their removal proceedings by providing them with an opportunity to contest ICE's custody determinations in a hearing before an immigration judge. Petitioner was afforded a hearing before an immigration judge who found him to be a flight risk. The Court holds that he is not entitled to relief under *Accardi*.

8 U.S.C. § 1226(e) provides, in relevant part, that no court may set aside any action or decision regarding detention or release of any alien. This divests district courts of the jurisdiction to reexamine the bond decisions of immigration judges. Nevertheless, two (unpublished) decisions of the United States Court of Appeals for the Third Circuit have held that a district court may examine an alien's bond hearing to determine whether it fell below the minimum standards of due process. *See Quinteras v. Warden Pike Cty. Corr. Fac.*, 784 F. App'x 75 (3d Cir. 2019); *Ghanem v. Warden Essex Cty. Corr. Fac.*, 2022 WL 574624 (3d Cir. 2022). In this case, there is no question that Petitioner received a bond hearing. There is, likewise, no question that the stated reason for denial of bond was that he poses a flight risk. This determination is unreviewable under 8 U.S.C. § 1226(e). Nothing before the Court plausibly creates any inference that the bond hearing Petitioner received was procedurally deficient or otherwise violated due process. He was not deprived of a fundamentally fair bond hearing, and the Court holds that there is no merit to his petition.

AND NOW, this 29th day of June, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.

BY THE COURT:

/s/William S. Stickman IV
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE